UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA PICKETT, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-00266-RDP |
| } | |
| STATE FARM FIRE AND CASUALTY } | |
| COMPANY, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is before the court on Defendant State Farm's Motion to Dismiss Plaintiff's Claims for Negligence, Breach of Fiduciary Duty, Misrepresentation, Fraud, and Deceit. (Doc. # 2). The court directed the parties to brief the motion in accordance with a briefing schedule (Doc. # 6), but Plaintiff has filed no response to the motion. After careful review, and for the reasons explained below, Defendant's Motion to Dismiss (Doc. # 2) is due to be granted.

### I. Background

Plaintiff purchased an insurance policy from Defendant in September 2014. (Doc. # 1-1 at 7). Plaintiff lost her house in a July 2015 fire. (*Id.*). She submitted an insurance claim with Defendant, and Defendant partially satisfied the claim. (*Id.* at 8). Nevertheless, according to Plaintiff, Defendant has failed to pay her for the full amount of losses she suffered. (*Id.*).

### II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-

pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Plaintiff has asserted fraud, misrepresentation, and deceit claims against Defendant. (Doc. # 1-1 at 9). Federal Rule of Civil Procedure 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting fraud or mistake." To plead a viable fraud claim, a complaint must state:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Plaintiff's misrepresentation and deceit claims also must comply with Rule 9(b)'s standards because, under Alabama law, both claims are fraud-based claims. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013) (applying Rule 9(b) to a negligent misrepresentation claim under Florida law); Ala. Code § 6-5-101 (stating when misrepresentations constitute legal fraud); Ala. Code § 6-5-104 (describing deceit as a "fraudulent" act).

### III. Analysis

In his Complaint, Plaintiff alleges negligence, breach of fiduciary duty, fraud, misrepresentation, and deceit/bad faith claims. (Doc. # 1-1 at 8-9). After careful review, the court concludes that all these claims are due to be dismissed.

#### A. Plaintiff Cannot Maintain His Negligence Claim

Count One of the Complaint alleges that Defendant negligently failed to pay Plaintiff according to the insurance policy it issued her. (Doc. # 1-1 at 8). Defendant correctly argues that Alabama courts have refused to recognize a cause of action for negligent claim handling.

*Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995). Because the duty alleged by Plaintiff concerns Defendant's duty to properly handle her claim, Count One is due to be dismissed.

**B.     Plaintiff Cannot Maintain His Breach of Fiduciary Duty Claim**

Count Two of the Complaint alleges that Defendant "breached its fiduciary duty owed to Plaintiff by failing to fulfill the terms and conditions of the contract." (Doc. # 1-1 at 8). Because the claims against Plaintiff's insurance agent have been dismissed (Docs. # 10, 11), the issue before the court is whether Defendant State Farm, an insurance company, can owe a fiduciary duty to Plaintiff, an insured.

A plaintiff must establish three elements to succeed on a breach of fiduciary duty claim: (1) the existence of a fiduciary relationship between the parties; (2) a breach of the fiduciary duty; and (3) damages caused by the breach. *Regions Bank v. Lowrey*, 101 So. 3d 210, 219 (Ala. 2012). Courts have concluded that Alabama law provides for no fiduciary relationship between an insurance company and an insured in the context of purchasing casualty, health, or life insurance or attempting to collect under such an insurance policy. *Fed. Nat'l Mortg. Ass'n v. GNM II, LLC*, 2014 WL 1572584, at *4 (M.D. Ala. Apr. 17, 2014); *Sayer v. Lincoln Nat'l Life Ins. Co.*, 2006 WL 6253201, at *6-7 (N.D. Ala. Oct. 12, 2006). "A fiduciary relationship does not exist simply by virtue of a contract between the insurer and the insured." *St. Paul Fire & Marine Ins. Co. v. Drummond Co.*, 2012 WL 12897378, at *4 (N.D. Ala. Apr. 5, 2012) (citing *Reeves v. State Farm Fire & Cas. Co.*, 539 So. 2d 252, 256 (Ala. 1989). Nevertheless, "a fiduciary relationship can be created when the insurer suggests to the insured that it will 'take care of' the matter, causing the insured to place its confidence in the insurer." *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Ling*, 348 So. 2d 472, 476 (Ala. 1977)).

Here, Plaintiff has failed to allege that Defendant and she had a fiduciary relationship. Plaintiff's claim, at its core, asserts that Defendant violated a fiduciary duty by failing to abide by the terms of the insurance contract. (*See* Doc. # 1-1 at 8). Plaintiff cannot establish a fiduciary relationship based solely upon the insured/insurer relationship created in the insurance contract. *St. Paul Fire & Marine Ins. Co.*, 2012 WL 12897378, at *4. As in *St. Paul Fire & Marine Insurance Company*, Plaintiff has not claimed that there was unequal bargaining power between Defendant and herself, and she has not claimed that Defendant acted as an advisor or counselor to her. *Id.* Nor has she alleged that Defendant promised to take upon itself a special duty after receiving an insurance claim from her. *Id.* For these reasons, the court concludes that the Complaint fails to plausibly allege the existence of a fiduciary relationship between Plaintiff and Defendant, and Count Two of the Complaint is due to be dismissed.

### C.     Plaintiff Has Not Pled Any Fraud Claim with Sufficient Particularity

Counts Three and Four of the Complaint allege that Defendant committed fraud by telling Plaintiff that she would be paid "according to the policy." (Doc. # 1-1 at 9). Plaintiff has not alleged particular statements that form the basis for her fraud, misrepresentation, or deceit claims. (*See id.*). *See also Ziemba*, 256 F.3d at 1202. Nor has Plaintiff alleged the time and place of the actionable statements or the person(s) who made them. (*See* Doc. # 1-1 at 9). *See also Ziemba*, 256 F.3d at 1202. Accordingly, Plaintiff's fraud, fraudulent misrepresentation, and fraudulent deceit claims in Counts Three and Four fail to meet the pleading requirements of Rule 9(b) and are due to be dismissed.

### IV.    Conclusion

For the reasons explained above, all four counts in the Complaint are due to be dismissed for failure to state a claim. Because the court is reviewing Plaintiff's original Complaint, which

was filed in state court, the court will grant Plaintiff leave to amend her complaint if she can plausibly allege factual allegations that state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion will be entered.

    **DONE** and **ORDERED** this April 2, 2018.

                                                   **R. DAVID PROCTOR**
                                                   UNITED STATES DISTRICT JUDGE